**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mgeorge@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN THOMAS and SAMUEL UMANZON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., and UNITED AIRLINES HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:19-cv-04354<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) CALIFORNIA LABOR CODE;**<br><br>**(2) CALIFORNIA INDUSTRIAL WELFARE COMMISSION WAGE ORDERS; and**<br><br>**(3) CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................... 1
II.   JURISDICTION AND VENUE .................................................................................... 1
III.  PARTIES ........................................................................................................................ 2
      A.    Plaintiffs ............................................................................................................. 2
      B.    Defendants ......................................................................................................... 2
IV.   FACTUAL ALLEGATIONS ........................................................................................ 3
V.    CLASS ALLEGATIONS .............................................................................................. 5
VI.   CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT ............................................ 7
VII.  CAUSES OF ACTION .................................................................................................. 8
VIII. PRAYER FOR RELIEF ............................................................................................... 13
IX.   JURY TRIAL DEMAND ............................................................................................. 14

Plaintiffs John Thomas and Samuel Umanzon on behalf of themselves and all others similarly situated, allege as follows:

## I. INTRODUCTION

1. Defendant United Airlines, Inc. is a major "legacy" international airline carrier with substantial business operations throughout California. United Airlines, Inc. is a wholly-owned subsidiary of Defendant United Airlines Holdings, Inc. Unless otherwise stated, all Defendants are collectively referred to herein as "United" or "Defendants." Plaintiffs are workers previously employed by United as "Ramp Agents" throughout its operations in California. Plaintiffs' typical work duties include marshaling aircraft, loading/unloading and sorting freight and baggage, servicing the aircraft, assisting with pushback and towing, deicing and other duties as assigned.

2. United has systematically run afoul of California's Labor Code in numerous ways, including its failure to keep and maintain adequate records of hours worked, engaging in a policy and practice of refusing to provide workers meal and rest breaks, failing to provide a legally compliant mechanism for workers to receive payments and penalties for missed breaks, and failing to pay all wages, overtime and commissions in compliance with California law. Due to United's systemic violations of the California Labor Code throughout California, Plaintiffs file this suit as a class action pursuant to Federal Rule of Civil Procedure 23, and intend to seek further relief under California's Private Attorney General Act, Labor Code section 2698, *et seq*. ("PAGA"), once the pre-suit notice period has elapsed. Accordingly, Plaintiffs seek all unpaid wages, damages, penalties, as well as injunctive relief to bring United's longstanding wage and hour violations into compliance with California law.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiffs' claims based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Class, on the one hand,

1  and United, on the other, are citizens of different states. Plaintiffs and the proposed Class are
2  citizens of California, and Defendants are citizens of Delaware.
3        4.      Venue is proper in this District under 28 U.S.C. § 1391 because United conducts
4  substantial business in this District and a substantial part of the acts and/or omissions giving rise
5  to the claims occurred in this District. Plaintiff John Thomas was employed by United and is
6  resident of Oakland, California, within this District.
7        5.      **Intradistrict Assignment**: Pursuant to Local Rule 3-2, this matter is suitable for
8  assignment to the San Francisco and Oakland Divisions because Plaintiff John Thomas is a
9  resident of Alameda County and United maintains substantial business operations at San
10 Francisco International Airport in San Francisco County and a substantial part of the events or
11 omissions which give rise to the claims occurred in San Francisco County.
12 **III.    PARTIES**
13     **A.    Plaintiffs**
14       6.      Plaintiff John Thomas is a resident of Oakland, California. Plaintiff Thomas was
15 employed by United in California from approximately April 2016 to January 2019.
16       7.      Plaintiff Samuel Umanzon is a resident of Martinez, California. Plaintiff Samuel
17 Umanzon was employed by United in California from approximately June 2016 to September
18 2018.
19     **B.    Defendants**
20       8.      Defendant United Airlines Holdings, Inc. is a Delaware corporation with its
21 principal place of business and headquarters at Willis Tower, Chicago, Illinois. United Airlines
22 Holdings, Inc. is a publicly traded company on the NASDAQ stock exchange under the symbol
23 "UAL." Defendant United Airlines, Inc. is a wholly-owned subsidiary of United Airlines
24 Holdings, Inc.
25       9.      At all times relevant herein, United Airlines Holdings, Inc. has been engaged in
26 commerce within California and has been subject to the requirements of California law, including
27 its Labor Code as well as the federal Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*, and
28 their accompanying regulations.

10. Defendant United Airlines, Inc. is a Delaware Corporation with its principal place of business and headquarters at Willis Tower, Chicago, Illinois. United Airlines, Inc. is a wholly-owned subsidiary of Defendant United Airlines Holdings, Inc. United Airlines, Inc. is engaged in the international airline business.

11. At all times relevant herein, United Airlines, Inc. has been engaged in commerce within California and has been subject to the requirements of California law, including its Labor Code as well as the federal Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*, and their accompanying regulations.

12. Plaintiffs are informed and believe and thereon allege that each and every of the unlawful acts and omissions alleged herein were performed by, and/or attributable to, United Airlines, Inc., its agents and/or employees, and/or under the direction and control of United Airlines, Inc., and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

**IV.     FACTUAL ALLEGATIONS**

13. United has done business in the United States for almost 90 years, and is one of the primary national and international airline companies in the United States.

14. Throughout California, United operates flights out of numerous airports, with major California hubs at both Los Angeles International Airport ("LAX") and San Francisco International Airport ("SFO").

15. For their work, United's Ramp Agents in California are generally paid on an hourly basis in the range of about $14 per hour. United has employed hundreds, if not thousands, of Ramp Agents in California in the past few years. Ram Agents' typical work duties include marshaling aircraft, loading/unloading and sorting freight and baggage, servicing the aircraft, assisting with pushback and towing, deicing and other duties as assigned.

16. United maintains a set of common policies and procedures applicable to Ramp Agents regarding the payments of wages and overtime, and the provision of meal and rest breaks. United also maintains control of how and whether Ramp Agents clock in an out for shifts and

breaks. Ramp Agents at each of United's operations in California are subject to the same company-wide policies and procedures.

17. As a matter of policy and practice, United fails to provide Ramp Agents with meal and rest breaks in violation of California law, and fails to provide them with the requisite penalties and wages when breaks are interrupted or missed altogether. Given the nature of Ramp Agents' duties, they are always required to be on call throughout the entirety of their shift to deal with arriving and departing aircraft, luggage, and passengers. As a result, meal and rest breaks are often interrupted, skipped, or denied. On other occasions, meal and rest breaks were taken outside of the statutorily required time periods, for example, by not providing a meal break until within 2-3 hours of the end of an 8-10 hour shift.

18. United has not always incorporated scheduled meal and rest breaks into its work schedules, and when they have they are not always followed. Indeed, not only does United fail to schedule appropriate breaks for workers but it also fails to maintain policies, practices or mechanisms for Ramp Agents to obtain required payment and penalties for their missed or untimely breaks.

19. When breaks are missed or interrupted, United also fails to properly account for Ramp Agents' continuous hours of work and accordingly underpays them overtime and other wages. Even when Ramp Agents work through a meal break, they do not generally receive any special pay, and accordingly those hours are not always counted towards applicable daily and weekly overtime threshold limits. By failing to count unobtained meal and rest breaks in the hours worked, United fails to accurately record all hours worked and systematically underpays its Ramp Agents when their actual hours worked put them above and beyond the necessary thresholds to obtain overtime and/or double time compensation.

**Plaintiffs' Experiences**

20. Plaintiff John Thomas was employed by United in California from April 2016 to January 2019. He worked as a Ramp Agent in United's operations at SFO. Plaintiff Thomas is a non-exempt employee paid on an hourly basis. While Plaintiff Thomas was employed by United, he was regularly denied meal and rest breaks, regularly had meal and rest breaks interrupted to

resume work duties, and had meal and rest breaks taken in an untimely manner. As a result of United's policies and practices, Plaintiff Thomas was provided inaccurate wage statements and is owed wages, overtime, penalties, damages and reimbursements.

21. Plaintiff Samuel Umanzon was employed by United in California from June 2016 to September 2018. He worked as a Ramp Agent in United's operations at SFO. Plaintiff Samuel Umanzon is a non-exempt employee paid on an hourly basis. While Plaintiff Umanzon was employed by United, he was regularly denied meal and rest breaks, regularly had meal and rest breaks interrupted to resume work duties, and had meal and rest breaks taken in an untimely manner. As a result of United's policies and practices, Plaintiff Umanzon was provided inaccurate wage statements and is owed wages, overtime, penalties, damages and reimbursements.

## V.   CLASS ALLEGATIONS

22. Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23. The Class is initially defined as:

> All current and former United workers employed as Ramp Agents, or equivalent positions, in California, at any time during the four years prior to the commencement of this lawsuit through the date of class notice.

Excluded from the Class are Plaintiffs' counsel, anyone employed by counsel for Plaintiffs in this action as well as their families; and any Judge to whom this case is assigned as well as his or her immediate family.

23. Plaintiffs and their claims meet all of the criteria for Class certification under Federal Civil Rule 23(a) and (b)(3).

24. <u>Numerosity</u>. United has employed hundreds, if not thousands, of Ramp Agents in California from 2015 through the present. Class members are therefore far too numerous to be individually joined in this lawsuit.

25. <u>Common Questions of Law and Fact Predominate Plaintiffs' Claims</u>. Common questions of law and/or fact exist as to the members of the Class and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the Class. The common questions include the following:

      a.      Whether United's timekeeping systems to record hours of work are compliant with the wage and hour laws and regulations;

      b.      Whether United's policy and practice of requiring Ramp Agents to work through their meal and rest break periods violates California labor laws and regulations;

      c.      Whether United's policies and practices to compensate Ramp Agents for meal and rest breaks that were not provided violates California labor laws and regulations;

      d.      Whether United has failed to pay Ramp Agents minimum wages, overtime, and double-time in violation of California labor laws and regulations;

      e.      Whether United has miscalculated Ramp Agents' regular rates of pay in violation of California labor laws and regulations;

      f.      Whether United's policies and practices have resulted in Ramp Agents receiving inaccurate wage statements in violation of California labor laws and regulations;

      g.      Whether United's policies and practices have violated the California Unfair Competition Law, Business and Professions Code §§ 17200, *et seq*. (the "UCL") as set forth herein;

      h.      Whether Ramp Agents are entitled unpaid wages, overtime, damages, reimbursements, and penalties and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

26.    <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Class. United's common course of conduct in violation of law as alleged herein has caused Plaintiffs and the proposed Class to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the proposed Class.

27.    <u>Adequacy</u>. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the class they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, including the prosecution of wage and hour violations, and Plaintiffs intend to prosecute this

1  action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of
2  members of the Class.

3  28. <u>Superiority.</u> The class action is superior to other available means for the fair and
4  efficient adjudication of this dispute. The injury suffered by each member of the Class, while
5  meaningful on an individual basis, is not of such magnitude as to make the prosecution of
6  individual actions against United economically feasible. Individualized litigation increases the
7  delay and expense to all parties and the court system presented by the legal and factual issues of
8  the case. By contrast, the class action device presents far fewer management difficulties and
9  provides the benefits of single adjudication, economy of scale, and comprehensive supervision by
10 a single court.

11 29. Plaintiffs intend to send the best notice practicable to all members of the Class to
12 the extent required under applicable class action procedures pursuant to Federal Civil
13 Rule 23(c)(2).

14 30. In the alternative, the Class may be certified under Federal Civil Rule 23(b)(1) or
15 (2) because:

16   a. the prosecution of separate actions by the individual members of the Class
17 would create a risk of inconsistent or varying adjudication with respect to individual members of
18 the Class which would establish incompatible standards of conduct for United; and

19   b. United has acted or refused to act on grounds generally applicable to the
20 Class, thereby making appropriate final and injunctive relief with respect to the members of the
21 Class as a whole.

22 31. Particular issues in this litigation relating to the Class may be also be certified
23 under Federal Civil Rule 23(c)(4) and the Court may employ subclasses pursuant to Federal Civil
24 Rule 23(c)(5) if necessary.

25 **VI. CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT**

26 32. On July 30, 2019, Plaintiffs provided notice to the California Labor and Workforce
27 Development Agency and United pursuant to the California Labor Code's Private Attorney
28 General's Act, §§ 2698, *et seq*. ("PAGA"), regarding their complaints that United has failed to

pay them and other employees all wages, commissions, damages, and penalties, as described in this Complaint. PAGA permits private litigants to bring a representative action on behalf of fellow employees for violations of the California Labor Code, and permits them to recover penalties for the employees and the State of California. Plaintiffs have complied with the notice requirements of PAGA, and will amend their Complaint to seek PAGA penalties at the expiration of the statutory waiting period.

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wages and Overtime in Violation of California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order 5-2001

### On Behalf of Plaintiffs and the Class

33.   Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

34.   California Labor Code section 510 states that "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Additionally, "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

35.   California Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission, or other method of calculation." United has failed to pay Plaintiffs and the Class all minimum wages, straight time, overtime, and double-time required under the California Labor Code and Industrial Wage Order ("IWC") 5-2001 (8 Cal. Code Regs. § 11050)[1] by, including but not limited to, (1) failing accurately to record all hours of work in

---

[1] Plaintiffs initially allege that they are subject to the IWC Wage Order #9 governing the "transportation industry." However, due to the nature of their duties, Plaintiffs alternatively or additionally allege that they are subject to IWC Wage Order #5 governing the "public housekeeping industry" and/or IWC Wage Order #17 which is a catch-all order applicable to non-

United's timekeeping systems; (2) failing to pay wages and at the proper rates for hours worked that accumulate because of missed meal and rest periods; and (3) failing to properly calculate the regular rate of pay.

36. In its violations of the California Labor Code, United has knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class members with all wages and compensation required by law. United and its agents committed the acts and omissions alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the proposed Class, with improper motives amounting to malice and in conscious disregard of the rights of Plaintiffs and the Class members. Plaintiffs and the Class members are entitled to recover all nominal, actual, compensatory, punitive, and exemplary damages in an amount to be determined by proof at trial.

37. Pursuant to Labor Code §§ 1194 and 1198, Plaintiffs and the Class are entitled to recover the unpaid balance of the full amount of unpaid wages, straight time, overtime, double-time, and commissions, including pre- and post-judgment interest accumulated thereon, plus reasonable attorneys' fees and costs of suit.

### SECOND CAUSE OF ACTION

**Failure to Provide Meal and Rest Breaks in Violation of
California Labor Code §§ 226.7, 512 and IWC Wage Order 5-2001**

**On Behalf of Plaintiffs and the Class**

38. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

39. California Labor Code section 512 and IWC Wage Order 5-2001[2] requires United to provide Plaintiffs and Class members with regular meal and rest breaks during which they are completely relieved of duty. Section 512 also requires United to provide additional meal periods

---

exempt employees. The substantive requirements for wages, breaks, and record keeping alleged in this Complaint are substantially similar, if not identical, amongst these IWC Wage Orders and Plaintiffs expressly incorporate each of them in by reference to each cause of action.

[2] Per footnote 1, Plaintiffs additionally and/or alternatively allege they are subject to IWC Wage Orders #9 & #17.

when Ramp Agents work more than 10 hours per day. Section 226.7 requires United to pay Plaintiffs and Class members "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

40. United has failed to provide Plaintiffs and Class members with legally required meal and rest breaks as alleged herein. Additionally, United has failed to provide Plaintiffs and Class members with meal and rest breaks during which they were completely relieved of their work duties, has failed to keep accurate records of Ramp Agents' meal and rest breaks, has failed to pay them wages and penalties owed for missed meal and rest breaks, has failed to implement and maintain any legally acceptable policy for obtaining waivers of any meal and rest break requirements, and has failed to implement and maintain policies and practices that properly compensates Ramp Agents for missed meal and rest breaks.

41. As a result of United's unlawful policies and practices alleged herein, Plaintiffs and Class members seek compensation for missed meal and rest breaks in accordance with Labor Code § 226.7 as well as necessary injunctive relief in the form of corporate policy and practice changes necessary to bring United into compliance with California's laws regarding the provision of meal and rest breaks.

### THIRD CAUSE OF ACTION

**Failure to Provide Itemized Wage Statements
in Violation of California Labor Code §§ 226, 1174, and 1174.5**

**On Behalf of Plaintiffs and the Class**

42. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

43. United has willfully failed to maintain policies and practices that permit employees to accurately record all hours of work and meal and rest breaks taken. United has also maintained policies and practices that fail to keep accurate and appropriate records of all hours worked by

Plaintiffs and the Class as required under Labor Code section 1174 and IWC Wage Order 5-2001(7) (8 Cal. Code Regs. § 11050).[3]

44. United has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiffs and Class members in accordance with Labor Code § 226(a) and IWC Wage Order 2001-5. The wage statements United provides Ramp Agents do not accurately reflect the hours worked, their hourly rates of pay, their regular rates of pay, missed meal and rest breaks, as well as all commissions and wages earned.

45. United's willful failure to maintain proper employment records and to provide timely, accurate itemized wage statements to Plaintiffs and Class members in accordance with the California Labor Code has been knowing and intentional. Accordingly, United is liable for damages and penalties under California Labor Code § 226(e) and 1174.5.

**FOURTH CAUSE OF ACTION**

**Waiting Time Penalties Pursuant to California Labor Code §§ 201, 202 & 203**

**On Behalf of Plaintiffs and the Class**

46. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

47. California Labor Code section 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Section 202(a) requires an employer to pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination of employment by resignation. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under section 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

48. Plaintiffs and the Class are entitled to unpaid compensation as stated in this Complaint but they still have not received their compensation since the end of their respective employments with United.

---

[3] Per footnote 1, Plaintiffs additionally and/or alternatively allege they are subject to IWC Wage Orders #9 & 17.

49. United has willfully failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages to the Plaintiffs and the Class whose employment has terminated as required by Labor Code sections 201 and 202. Accordingly, United is liable to Plaintiffs and the Class for up to thirty (30) days of waiting time penalties pursuant to Labor Code section 203, as well as interest.

## FIFTH CAUSE OF ACTION

**Violations of the UCL
California Business and Professions Code §§ 17200, *et seq*.**

**On Behalf of Plaintiffs and the Class**

50. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

51. California's UCL, Business and Professions Code section 17200, *et seq*., prohibits unfair competition in the form of any unlawful and unfair business practice.

52. Section 17204 of the UCL permits "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action.

53. California Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

54. United has engaged in unlawful and unfair business practices described in this Complaint, including but not limited to: violations of California Labor Code sections 90.5, 201, 202, 203, 226, 510, 1174, 1174.5, 1194, 2802, IWC Wage Orders 2001-5, 2001-9, and 2001-17, and the Fair Labor Standards Act, 29 U.S.C. section 211.

55. The violations of these laws and regulations, as well as the fundamental public policy of protecting workers from unfair labor practices, serve as unlawful predicate acts and practices for establishing violations of the UCL.

56. United's acts and practices described above constitute unlawful and unfair business practices, and unfair competition, within the meaning of the UCL. Among other things, United's business practices have required Plaintiffs and other similarly situated persons to perform work for United's benefit without the legally required compensation, penalties and reimbursements, enabling United to gain an unfair competitive advantage over law-abiding employers and competitors. United also violated the UCL because the utility of its conduct as described in this Complaint is outweighed by the gravity of the consequences to Plaintiffs and Class members, and because its conduct is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs and Class members.

57. Plaintiffs, on behalf of themselves and Class members, have suffered injury, including but not limited to the loss of money and property in the form of unpaid wages and penalties, as a direct and proximate result of United's unlawful and unfair business practices and are therefore entitled to equitable relief, including restitution of unpaid wages, penalties, disgorgement of profits, and a permanent injunction that enjoins United from the unlawful and unfair practices described herein, as well as attorneys' fees and costs of suit. Cal. Bus. & Prof. Code § 17203.

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1. For an order certifying Counts One through Five of this Complaint as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class of Ramp Agents employed in the state of California within the last four years and that notice of the pendency of this action be provided to all Class members;

2. For an order designating Plaintiffs as class representatives for the Classes and appointment of Plaintiffs' counsel as Class counsel;

3. For an order or judgment awarding Plaintiffs and the Class all unpaid wages, reimbursements, overtime, double-time, damages, and penalties, or other appropriate compensation, together with interest on any such amounts as permitted by law;

4. For injunctive relief correcting the unlawful practices complained of herein and ordering United to refrain from committing similar violations in the future;

5. For a declaratory judgment that United's policies and practices have violated the laws and regulations stated herein as well as the public policy behind them;

6. For an award of Plaintiffs' reasonable attorneys' fees as provided by applicable law, including California Labor Code sections 226(e) and 1194, California Business and Professions Code section 17203 and Federal Rule of Civil Procedure 23;

7. For all costs of suit;

8. For such other and further relief as this Court deems just and appropriate.

## IX.   JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

DATED: July 30, 2019         **KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Matthew B. George*
       Matthew B. George (SBN 239322)

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mgeorge@kaplanfox.com
mchoi@kaplanfox.com

**LAW OFFICES OF GENNARO DU TERROIL**
Gennaro Du Terroil (*pro hac vice* application to be filed)
18756 Stone Oak Pkwy Suite 200
San Antonio, TX  78258
Telephone: 210-998-5645
Facsimile: 210-495-4670
cibelliterroil@outlook.com

*Counsel for Plaintiffs*